**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| IN RE: | ) CASE No: 19-72343-FJS |
| GEORGE GERARD COOPER, SR. | ) Chapter 13 |
| Debtor(s), | ) |
| | ) |
| Waterfall Victoria Grantor Trust II, Series G, | ) |
| Movant. | ) |
| v. | ) |
| George Gerard Cooper, Sr., Debtor, | ) |
| Cynthia R. Cooper, Co Debtor, | ) |
| R. Clinton Stackhouse, Jr., Trustee, | ) |
| Respondents. | ) |

**MOTION TO ANNUL CO-DEBTOR STAY**

Waterfall Victoria Grantor Trust II, Series G, as serviced by Statebridge Company, LLC ("Creditor") hereby moves this court for annulment of the Co-Debtor stay under 11 U.S.C. §1301. In further support of this Motion, Creditor respectfully states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $315,000.00 (the "Note"). The Co Debtor is not obligated with respect to the Note. A copy of the Note is attached hereto as Exhibit A.

2. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by that property located at 2004 Nellie Court, Virginia Beach, VA 23464 ("the Property") and the other collateral described in the Deed of Trust. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Virginia Beach. The Co Debtor is a signatory to the Deed of Trust but is not

obligated on the Note. A copy of the recorded Deed of Trust is attached hereto as Exhibit B.

3. All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of deed of trust, a copy of which is attached hereto as Exhibit C.

4. The legal description of the Property is:

All that certain lot, piece or parcel of land, with the buildings and improvements thereon, situate in Kempsville Borough of the City of Virginia Beach, Virginia, and being known, numbered and designed at Lot 14, Block E, as shown on that certain plat entitled "Plat of Charlestowne Lakes South, Section Two, Part "A" Kempsville Borough, Virginia Beach, Virginia", which said plat is duly recorded in the Clerk`s Office of the Circuit Court of the City of Virginia Beach, Virginia in Map Book 145, at page 26.

5. Debtor has filed numerous bankruptcies, their details and results as follows:

(a) Case Number 10-75433-FJS

1. Chapter 13

2. Date filed: 11/16/2010

3. Result: Dismissed on 7/15/2014

(b) Case Number 16-70250-SCS

1. Chapter 7

2. Date Filed: 1/27/2016

3. Result: Dismissed on 2/16/2016

(c) Case Number 18-73606-FJS

1. Chapter 13

2. Date Filed: 10/12/2018

3. Result: Dismissed on 11/30/2018

(d) Case Number 19-70717-FJS

1. Chapter 13

    2. Date Filed: 2/27/2019

    3. Result: Dismissed on 4/11/2019

(e) Case Number 19-72343-FJS

    1. Chapter 13

    2. Date Filed: 6/19/2019

    3. Result: Present case.

6. The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtor as of March 29, 2019:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 56 | 08/01/2014 | 03/01/2019 | $2,469.70 | $138,303.20 |
| Less partial payments (suspense balance): | | | | ($1,225.81) |
| | | | Total: | $137,077.39 |

7. As of March 29, 2019, the total contractual arrearage/delinquency was $162,375.31, consisting of (i) the foregoing total of missed payments in the amount of $137,077.39, plus (ii) the following fees and advances for taxes and insurance in the amount of $25,297.92:

| Description | Amount |
|---|---|
| Late Charges | $950.80 |
| Attorney Fees & Costs | $3,888.76 |
| Corporate Advances | $4,613.00 |
| Escrow Advances | $15,845.36 |

8. The Obligations are in Default, and there is a total debt of $469,628.83.

9. A contractual payment history is attached hereto as Exhibit D.

10. The estimated market value of the Property is $254,600.00. The basis for such valuation is the Virginia Beach Tax Assessment Report. A true and accurate copy of the Tax Assessment report is attached as Exhibit E and incorporated herein.

11. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $469,628.83.

12. The only reason debtor's account remains delinquent for 2014 and almost double the value of the property is because of the repetitive and abusive bankruptcy filings outlined above.

13. Pursuant to 11 U.S.C. § 362(c)(4)(a)(i), created under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the automatic stay of 11 U.S.C. § 362(a) did not go into effect as to the debtor upon the filing of the present case. However, despite the patent abuses complained of herein the Co-Debtor stay of 11 U.S.C. § 1301 may have been invoked even as to the interest of a non-obligated property owner creating the absurd situation where the debtor would benefit from a repeat filing when Congress' clear intent was to prevent an abusive Debtor from enjoying such a benefit.

14. Due to a misunderstanding as to the foregoing, a foreclosure sale was held for the Property on June 20, 2019 at 2:00 PM.

15. "The avowed purpose of § 1301's stay of actions against the codebtor is to 'protect a chapter 13 debtor from indirect pressure from a creditor exerted through his friends or relatives, to favor or prefer that creditor.' In re Motes, 166 B.R. 147, 149 (Bankr. E.D. Mo. 1994) quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 121

(1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6082. In the present issue, 11 U.S.C. § 1301 is not serving this function, as the Co Debtor is not liable on the Note and the Co Debtor has never opposed the relief as to the Property in any of the Debtor's preceding cases. Nor has Co Debtor taken an interest in curing existing arrearage or maintaining ongoing contractual payments.

16. "The notion that the automatic stay may be annulled to validate otherwise void acts is contemplated by the express provisions of § 362 of the Bankruptcy Code. Courts generally hold that this includes the power to grant relief retroactively to validate actions taken in violation of the automatic stay." In re McCrimmon, 536 B.R. 374, 380–81 (Bankr. D. Md. 2015).

17. Virginia Bankruptcy Courts, among others, have routinely concluded that "bankruptcy courts have wide discretion in weighing the factors and determining what constitutes cause to annul the stay." Shaw v. Ehrlich, 294 B.R. 260, 272 (W.D.Va.2003) (affirmed by Wiencko v. Ehrlich (In re Wiencko), 2004 U.S.App. LEXIS 10174, 2004 WL 1146490, 99 Fed.Appx. 466 (4th Cir.Va., May 24, 2004)). In making this determination, courts have looked to a variety of factors, including but not limited to a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, whether harm exists to a bona fide purchaser, whether the debtor has complied with the Bankruptcy Code and Rules, the relative ease of restoring parties to the status quo, and whether relief will promote judicial economy or other efficiencies. See In re Fjeldsted, 293 B.R. 12, 24–25 (9th Cir. BAP 2003); In re Coletta, 380 B.R. 140, 147–48 (Bankr.E.D.Pa.2007).

18. In the present case, the balance of facts supports retroactive annulment of the stay. There is no stay in this case as to the Debtor pursuant to 11 U.S.C. § 362(c)(4)(a)(i) and the only stay at issue is the Co Debtor Stay of 11 U.S.C. § 1301. Debtor has more or less been involved in a continuous stream of bankruptcy filings for most of the past decade and has engaged in a pattern of bad faith filings designed to thwart creditors and waste judicial resources. Indeed, Debtor has filed five petitions in the past nine years, four of which have resulted in dismissal with the fifth currently facing a Trustee Motion to Dismiss. Debtor has made no effort in any of his five bankruptcy cases to propose a realistic plan of reorganization or take any meaningful steps to cure arrearage on a property for which he holds no equity. There is substantial negative equity in the property, which favors the relief sought and demonstrates harm to Creditor without the relief and undue benefit to Debtor if the relief is denied. Further, upon discovery of the Co Debtor stay in this matter, Creditor has moved expeditiously to seek retroactive relief from this Court and further proceedings will only squander judicial resources with no remedial or rehabilitative effect on this serial-filing Debtor.

WHEREFORE, noting that Debtor's repetitive and abusive filings have served merely to abuse these proceedings in an effort to frustrate Creditor action, Creditor prays that this Court refuse to reward Debtor's bad faith filings and issue an Order granting Creditor's Motion to Annul the Co-Debtor Stay and for such other relief as the Court deems proper.

    Respectfully Submitted,
    Waterfall Victoria Grantor Trust II, Series G
    By Counsel

    */s/   Kevin Hildebeidel*
By:  Kevin Hildebeidel, Esquire, Bar No: 35645
    Amy Czekala, Esquire, Bar No: 74801
    Stern & Eisenberg Mid Atlantic, PC
    9920 Franklin Square Drive, Suite 100
    Baltimore, MD 21236
    Ph: (410) 635-5127, Fax: (443) 815-3931
    Email: khildebeidel@sterneisenberg.com
    Email: Aczekala@sterneisenberg.com
    Attorney for Movant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Retroactively Annul Co-Debtor Stay has been sent by electronic means via the Court's CM/ECF notification system this 2nd day of August, 2019 to the following:

R. Clinton Stackhouse, Jr.
7021 Harbour View Boulevard, Suite 101
Suffolk, VA 23435
Trustee

John P. Fitzgerald, III
Office of the U.S. Trustee, Region 4 -N
200 Granby Street, Room 625
Norfolk, VA 23510
U.S. Trustee

Cecelia Ann Weschler
Office of the U. S. Trustee
200 Granby Street, 625 Federal Building
Norfolk, VA 23510
cecelia.a.weschler@usdoj.gov
Attorney for U.S. Trustee

and by standard first class mail postage prepaid to:

| | |
|---|---|
| George G. Cooper, Sr. | Cynthia R. Cooper |
| 2004 Nellie Court | 2004 Nellie Court |
| Virginia Beach, VA 23464 | Virginia Beach, VA 23464 |
| Pro-Se Debtor | Co Debtor |

                               */s/   Kevin Hildebeidel*
                            Kevin Hildebeidel,  Esquire, Bar No: 35645
                   By:  Amy Czekala, Esquire, Bar No:  74801
                            Stern & Eisenberg Mid Atlantic, PC
                            9920 Franklin Square Drive, Suite 100
                            Baltimore, MD 21236
                            Ph: (410) 635-5127, Fax: (443) 815-3931
                            Email: khildebeidel@sterneisenberg.com
                            Email: Aczekala@sterneisenberg.com
                            Attorney for Movant